IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERMAIN D. LEWIS                                                      PLAINTIFF

v.                               Civil No. 4:17-cv-04051

BRANDON KENNEMORE, Ashdown
Police Department; ASHDOWN POLICE
DEPARTMENT; LITTLE RIVER SHERIFF'S
DEPARTMENT; JULIE SMITH; and
MICKEY BUCHANAN, Attorney                                   DEFENDANTS

## ORDER

Plaintiff Jermaine D. Lewis filed this case *pro se* pursuant to 42 U.S.C. § 1983. Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## BACKGROUND

Plaintiff filed his Complaint on July 6, 2017. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff named the following Defendants in this lawsuit: Brandon Kennemore with the Ashdown Police Department, the Ashdown Police Department, Little River Sheriff's Department, Julie Smith, and Public Defender Mickey Buchanan. ECF No. 1. Plaintiff alleges that his constitutional rights were violated on October 5, 2014, when he was arrested at the home of Defendant Julie Smith by Defendant Kennemore and other officers with the Ashdown Police Department and the Little River Sheriff's Department. Plaintiff also claims that these officers conducted an illegal search, "strip searched"

him and "inflicted pain." With respect to Defendant Smith, Plaintiff alleges she conspired with the police officers and made false claims against him. Plaintiff has filed suit against Defendant Buchanan for "denial and abuse of due process, coercion, deception, [and] ineffective of counsel." (ECF No. 1). Plaintiff is suing defendants in their individual and official capacities.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff has named as Defendants in this matter the Ashdown Police Department and the Little River Sheriff's Department. The police department and sheriff's department are buildings and not persons subject to suit under 42 U.S.C § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against the Ashdown Police Department and the Little River Sheriff's Department.

In addition, Defendant Buchanan, Plaintiff's public defender during his criminal proceeding, is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v.*

2

*Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendant Buchanan was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Buchanan.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Mickey Buchanan, the Ashdown Police Department, and the Little River Sheriff's Department are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii). Plaintiff's claims against all other Defendants shall proceed.[1]

**IT IS SO ORDERED** this 31st day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] On August 1, 2017, the Court ordered Plaintiff to file a Supplement to his Complaint specifying the individuals in the Ashdown Police Department and the Little River Sheriff's Department who allegedly violated his constitutional rights. (ECF No. 6). On August 11, 2017 Plaintiff filed a supplement naming numerous John Does in each department. (ECF No.7).