IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERMAIN D. LEWIS                                                                    PLAINTIFF

v.                                        Civil No.4:17-cv-04051

BRANDON KENNEMORE, Ashdown
Police Officer; JULIE SMITH;
CARL FARMER, Ashdown Police
Officer; KIMBERLY GEISER STRUBE,
Ashdown Police Officer; JOSEPH
GOINGS, Little River Deputy; and
DEPUTY TATUM, Little River Deputy                                                   DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss filed by Defendants Brandon Kennemore, Carl Farmer, and Kimberly Geiser Strube. (ECF No. 27). Plaintiff has filed a response. (ECF No. 45). The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed his Complaint on July 6, 2017. (ECF No. 1). He filed a Supplement to the Complaint on August 11, 2017. (ECF No. 7). Plaintiff alleges that on October 5, 2014, he was:

> at the residence of Julie Smith . . . when Officer Kennemore [and others] cam [sic] in and kidnaped me. They took me outside in beginning to search me and asking me were [sic] is the drugs and I said with drug. So Officer Kennemore said what ever I founds in the house, that I'm going charge you with it.[1]

(ECF No. 7, p. 1). Plaintiff states he was then transported to the Little River County Jail where he was "strip searched and violated" for three hours.[2] *Id.* Plaintiff alleges that Defendants

---

[1] In addition to Kennemore, Plaintiff initially named a Jane Doe and several John Doe defendants with the Ashdown Police Department who were involved in the October 5, 2014 incident. On October 18, 2017, the Ashdown Police Department notified the Court that Defendants Farmer and Strube were the other officers present during the search and arrest of Plaintiff. (ECF No. 16).

[2] Plaintiff has not alleged that Defendants Kennemore, Farmer, or Strube were involved in the strip search at the Little River County Jail. Plaintiff is asserting claims against Joseph Goings and Deputy Tatum, deputies with the Little River Sheriff's department, for subjecting him to an unlawful strip search. Julie Smith is also named as a defendant but to date she has not been formally served in this action.

Kennemore, Farmer and Strube—all officers with the Ashdown Police Department—violated his fourth amendment rights when they conducted an unlawful search, wrongfully arrested him, and falsely imprisoned him in the Little River County Jail. Plaintiff is suing Defendants in both their individual and official capacities. He is seeking compensatory and punitive damages. His complaint does not seek injunctive relief or release from custody.

Defendants Kennemore, Farmer and Strube have filed a Motion to Dismiss arguing that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *Heck v. Humphrey*, and the *Younger* abstention doctrine. (ECF No. 27). In response to the Motion to Dismiss, Plaintiff admits that he pled guilty to the possession charges which arose from the search on October 5, 2014, but claims he did so only after "Brandon Kennemore, Julie Smith, Carl Farmer, and Kimberly Geiser-Strube . . . [conspired] together secretly to commit an illegal and wrongful act to accomplish a legal purpose illegally." (ECF No. 45, p. 1). Plaintiff also acknowledges in his Response that he is appealing his conviction for possession. *Id.* at 45.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally

construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

**A.** *Heck v. Humphrey*

Plaintiff claims Defendants Kennemore, Farmer, and Strube violated his rights on October 5, 2014, when they allegedly conducted an illegal search of his person, unlawfully arrested him for possession of drug paraphernalia and possession of methamphetamine, and then took him to the Little River County Jail. The United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's § 1983 lawsuit. In *Heck,* the Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. The *Heck* bar has been applied to claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 Fed. Appx. 305 (8th Cir. 2002); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

There is no dispute that Plaintiff pled guilty to the possession charges and is now appealing his conviction. *See State v. Jermain D. Lewis*, Little River County Circuit Court, 41CR-14-114.[3] However, Plaintiff has not demonstrated that his conviction has been reversed, expunged or declared invalid. Thus, Plaintiff's Fourth Amendment claims are barred by *Heck*. Accordingly,

---

[3] https://caseinfo.aoc.arkansas.gov/cconnect. This Court may consider "some materials that are part of the public record or do not contradict the complaint . . . as well as materials that are necessarily embraced by the pleadings." *Porus Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). Judicial records are considered part of the public record. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

the Court finds that these claims against Defendants Kennemore, Farmer and Strube should be and hereby are dismissed.

### B. False Imprisonment

Plaintiff also uses the term "false imprisonment" on several occasions in his pleadings. False imprisonment is a tort under Arkansas state law. *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93 (1999). Because Plaintiff's false imprisonment claim for monetary relief does not arise under the United States Constitution or a federal statute, § 1983 provides no remedy. *See Smith v. Garrett*, No. 5:06-cv-9281-JLH, 2006 WL 3791951, at *2 (E.D. Ark. Dec. 21, 2006). Accordingly, Plaintiff's claim of false imprisonment fails to state a claim upon which relief may be granted under § 1983.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 27) is hereby **GRANTED,** and Plaintiff's claims against Defendants Kennemore, Farmer, and Strube in their individual and official capacities are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 14th day of February, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge