IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERMAIN D. LEWIS                                                                                    PLAINTIFF

v.                                          Civil No.4:17-cv-04051

BRANDON KENNEMORE, Ashdown
Police Officer; JULIE SMITH;
CARL FARMER, Ashdown Police
Officer; KIMBERLY GEISER STRUBE,
Ashdown Police Officer; JOESPH
GOINGS, Little River Deputy; and
TATUM, Little River Deputy                                                                       DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss filed by Defendant Joseph Goings. (ECF No. 52). Plaintiff has filed a response. (ECF No. 61). The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed his Complaint on July 6, 2017. (ECF No. 1). He filed a Supplement to the Complaint on August 11, 2017. (ECF No. 7). Plaintiff alleges that on October 5, 2014, he was transported to the Little River County Jail where he was "strip searched and violated" for three hours after being unlawfully arrested.[1] (ECF No. 7, p. 1). Plaintiff is asserting a claim against Defendant Joseph Goings, a deputy with the Little River Sheriff's Department, for conducting an unlawful strip search. Plaintiff is suing Defendant Goings in both his individual and official capacities. He is seeking compensatory and punitive damages.

On December 21, 2017, Defendant Goings filed a Motion to Dismiss. ECF No. 52. Defendant Goings argues that Plaintiff has failed to state a claim upon which relief can be granted

---

[1] Plaintiff also named Ashdown, Arkansas police officers Brandon Kennemore, Carl Farmer, and Kimberly Geiser Strube as Defendants, but these Defendants have been dismissed from this lawsuit. (ECF No. 63). In addition, Plaintiff named Julie Smith and Deputy Tatum as Defendants. Neither Smith nor Tatum has been formally served in this action.

1

pursuant to Fed. R. Civ. P. Rule 12(b)(6). Defendant Goings further argues that he is entitled to qualified immunity regarding any claim asserted by Plaintiff.[2] (ECF No. 52). In response, Plaintiff states that Defendant Goings forced him to sit nude for "several hours" in book-in, which is against the policy of the Little River County Jail.[3] (ECF No. 61, p. 1-2).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

### A. Strip Search

Plaintiff alleges he was subjected to a strip search by Defendant Goings for almost three hours. The Fourth Amendment prohibits unreasonable searches. *Goff v. Nix,* 803 F.2d 358, 363 (8th Cir. 1986). To determine whether a search is unreasonable the Court must balance the "need for the particular search against the invasion of personal rights that the search entails." *Bell v.*

---

[2] Defendant Goings does not address the official capacity claim against him in the Motion to Dismiss.
[3] Plaintiff also states that it took "3 hours" to search him. (ECF No. 61, p. 1).

2

*Wolfish,* 441 U.S. 520, 559 (1979). In the context of a strip search conducted in a detention center, the Court must consider (1) the scope of the particular intrusion; (2) the manner in which the search is conducted; (3) the justification for initiating the search; and (4) the place where the search is conducted. *Id*.

In *Florence v. Board of Chosen Freeholders of County of Burlington,* 566 U.S. 318 (2012), the Supreme Court ruled that correctional officers must be allowed to conduct an effective search of detainees, even those held for minor offenses, because correctional institutions have a strong interest in preventing and deterring the smuggling of money, drugs, weapons, and other contraband into the facility. Therefore, conducting strip searches of newly arrested inmates such as Plaintiff is constitutional on its face. However, this kind of invasive search must be conducted in a "reasonable manner." *Bell* at 559-60.

Here, Plaintiff alleges he was forced to sit and stand naked for almost three hours in the "book-in" area of the Little River County Jail. Although the strip search itself could be justified, the alleged length of time it took Defendant Goings to conduct the search combined with the location of the search could be considered to be unreasonable. *Id.* at 560 (stating that it is unreasonable to conduct a strip search "in an abusive fashion"); s*ee also Hill v. Bogans*, 735 F.2d 391, 393-94 (10th Cir. 1984) (finding the manner of a strip search of an arrestee unreasonable where it was conducted in a police station lobby area with "ten to twelve people . . . milling about"). Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has alleged sufficient facts to support a claim against Defendant Goings.

### B. Qualified Immunity

Defendant Goings argues that he is not liable for his actions in connection with the strip search of Plaintiff because he is entitled to qualified immunity. The case is before the Court on

3

Defendant Goings' Motion to Dismiss for failure to state a claim. There is no other evidence before the Court to determine whether or not Defendant Goings is entitled to qualified immunity. Therefore, at this time, the Court cannot rule on the issue of qualified immunity.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion to Dismiss (ECF No. 52) should be and hereby is **DENIED.**

**IT IS SO ORDERED**, this 26th day of February, 2018.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge