IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERMAIN D. LEWIS                                                        PLAINTIFF

v.                              Civil No.4:17-cv-04051

JOSEPH GOINGS                                                          DEFENDANT

## ORDER

Before the Court is Plaintiff Jermain D. Lewis' failure to obey an order of the Court.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on July 6, 2017.   (ECF No. 1).  On August 16,

2018, Defendant Joseph Goins filed a Motion for Summary Judgment.[1]  (ECF No. 77).  That same

day, the Court entered an order directing Plaintiff to file a response to Defendant's motion on or

before September 6, 2018.  (ECF No. 80).  In the order, Plaintiff was advised that failure to respond

by the Court's imposed deadline would subject this case to dismissal without prejudice, pursuant

to Local Rule 5.5(c)(2).  To date, the order has not been returned to the Court as undeliverable and

Plaintiff has not responded to Defendant's Motion for Summary Judgment.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently.
> . . . If any communication from the Court to a *pro se* plaintiff is not responded to
> within thirty (30) days, the case may be dismissed without prejudice.  Any party
> proceeding *pro se* shall be expected to be familiar with and follow the Federal
> Rules of Civil Procedure.

Local Rule 5.5(c)(2).

---

[1] Defendant Goins is improperly referred to as "Goings" in the case caption.

1

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 1st day of October, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge